# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MAINE

| | |
|---|---|
| STATE OF MAINE,<br><br>            Plaintiff,<br><br>   v.<br><br>3M COMPANY, EIDP, INC., *formerly known as* E. I. DU PONT DE NEMOURS AND COMPANY, THE CHEMOURS COMPANY, THE CHEMOURS COMPANY FC, LLC, CORTEVA, INC., DUPONT DE NEMOURS, INC., and DOW INC.,<br><br>            Defendants. | Civil Action No. 2:23-cv-00210-JAW |

**STATE OF MAINE'S REPLY IN SUPPORT OF ITS MOTION TO REMAND**

## TABLE OF CONTENTS

INTRODUCTION ............................................................................................................................. 1

ARGUMENT ................................................................................................................................... 1

    I.    3M has not demonstrated that this case is removable under the federal officer statute....... 1

    II.   There is no federal enclave jurisdiction. ........................................................................... 5

CONCLUSION ................................................................................................................................. 7

## TABLE OF AUTHORITIES

**Cases** Page(s)

*Baker v. Atlantic Richfield Company*,
　962 F.3d 937 (7th Cir. 2020) ................................................................................................... 4

*Board of County Commissioners of Boulder County v. Suncor Energy (U.S.A.) Inc.*,
　25 F.4th 1238 (10th Cir. 2022) ................................................................................................ 7

*Caterpillar Inc. v. Williams*,
　482 U.S. 386 (1987) ................................................................................................................. 6

*County. of San Mateo v. Chevron Corporation*,
　32 F.4th 733 (9th Cir. 2022) ............................................................................................. 2, 5, 7

*Cuomo v. Crane Co.*,
　771 F.3d 113 (2d Cir. 2014) ..................................................................................................... 2

*Dart Cherokee Basin Operating Company, LLC v. Owens*,
　574 U.S. 81 (2014) ................................................................................................................... 3

*In re Aqueous Film-Forming Foams Products Liability Litigation*,
　2:18-mn-2873-RMG, 2019 WL 2807266 (D.S.C. May 24, 2019) ........................................... 7

*In re Pharmaceutical Industry Average Wholesale Price Litigation*,
　431 F. Supp. 2d 109 (D. Mass. 2006) ...................................................................................... 6

*Jennings v. Bell Helicopter Textron, Inc.*,
　12CV1549-GPC(DHB), 2012 WL 12883239 (S.D. Cal. Oct. 23, 2012) ................................. 4

*Kokkonen v. Guardian Life Insurance Company of America*,
　511 U.S. 375 (1994) ................................................................................................................. 2

*Mayor and City Council of Baltimore v. BP P.L.C.*,
　31 F.4th 178 (4th Cir. 2022) ................................................................................................. 2, 7

*Nessel v. Chemguard, Inc.*,
　1:20-cv-1080, 21 WL 744683 (W.D. Mich. Jan. 6, 2021) ....................................................... 3

*New Hampshire v. 3M Company*,
　22-cv-145-LM, 2023 WL 2691376 (D.N.H. Mar. 29, 2023) ........................................... 4, 5, 6

*Rhode Island v. Shell Oil Products Co. L.L.C.*,
　35 F.4th 44 (1st Cir. 2022) ................................................................................................... 6, 7

*Rhode Island v. Shell Oil Prod. Co., L.L.C.*,
   979 F.3d 50 (1st Cir. 2020) .................................................................................................. 1, 2

*St. Charles Surgical Hospital, L.L.C. v. Louisiana Health Service & Indemnity Company*,
   990 F.3d 447 (5th Cir. 2021) ...................................................................................................... 4

*Watson v. Philip Morris Companies, Inc.*,
   551 U.S. 142 (2007) ................................................................................................................... 5

# INTRODUCTION

This Court lacks subject-matter jurisdiction over this case because Plaintiff State of Maine (the "State") seeks damages due to contamination of its natural resources by PFAS products *other than* aqueous film forming foam ("AFFF"). The State has brought a separate case related to contamination from AFFF, which is currently in federal court and which provides 3M with a federal forum for the only claims as to which it has a colorable federal contractor defense.

3M tries to assert federal officer jurisdiction based on conclusory and speculative conjecture that AFFF products are at issue in this non-AFFF case, but this theory is contradicted by a sworn declaration from the State demonstrating that they are not. None of 3M's case law supports jurisdiction under such circumstances. Nor can 3M establish federal enclave jurisdiction when the State has expressly disclaimed seeking damages in this case for any PFAS coming from federal enclaves. This case must be remanded to state court.

# ARGUMENT

### I. 3M has not demonstrated that this case is removable under the federal officer statute.

3M has the burden to show that federal officer removal is proper, *Rhode Island v. Shell Oil Prod. Co. L.L.C.*, 979 F.3d 50, 59 (1st Cir. 2020) ("*Rhode Island I*"), a point it does not dispute. Rather, 3M argues that since it need only make plausible allegations in support of federal officer removal, the Court should ignore the actual evidence in the record and give 3M a pass for introducing no evidence of its own. Because 3M's jurisdictional allegations are conclusory, speculative, and controverted by actual evidence proffered by the State, this argument must fail.

The State in its Motion has demonstrated that 3M does not (and cannot) plausibly allege commingling of AFFF and non-AFFF contamination at sites at issue in this case. Motion to Remand at 3–4. 3M failed to respond with any relevant facts. Instead, it rests on the mere

1

conclusory assertion that "the use of MilSpec AFFF at military facilities in Maine *plausibly* contributed to the alleged PFAS contamination." Opp. at 4. While the federal officer removal statute may be liberally construed by courts, federal jurisdiction is not unlimited. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). A court must examine the record evidence to determine whether the defendant has sustained its burden of establishing federal officer jurisdiction. *See Rhode Island I*, 979 F.3d at 59 (finding no federal officer jurisdiction when evidence presented only had "the flavor of federal officer involvement"); *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 229–34 (4th Cir. 2022) (finding nexus between defendants and federal officer was "too attenuated" to support jurisdiction); *Cnty. of San Mateo v. Chevron Corp.*, 32 F.4th 733, 760 (9th Cir. 2022) (applying preponderance of the evidence standard and holding defendants failed to establish they were "acting under" a federal officer). 3M is asking this Court to exercise its limited jurisdiction based on pure speculation that some commingling between AFFF and non-AFFF may have occurred, even though the State has submitted a detailed declaration of an agency employee to the contrary and expressly disclaimed recovery of damages from AFFF contamination in the Complaint.[1]

      3M's case law is not to the contrary. In *Cuomo v. Crane Co.*, 771 F.3d 113 (2d Cir. 2014), cited by 3M, the defendant introduced "several affidavits and numerous documentary exhibits" indicating that the military contractor where the plaintiff's decedent worked was acting under detailed instructions from the Navy and that the Navy was well aware of the risks of asbestos. *Id*. at 116. The plaintiff submitted competing evidence merely challenging the "accuracy or reliability" of that evidence, which created a "factual dispute" on the merits of the

---

[1] The State submitted the Declaration of Victoria Eleftheriou, a Deputy Director of the Maine Department of Environmental Protection's Bureau of Remediation and Waste Management, in support of its Opposition to 3M's Motion to Stay, Dkt. No. 35, and incorporates herein the evidence and arguments presented in those opposition papers.

2

federal officer defense. *Id.* Nothing in *Cuomo* authorizes federal officer removal when the defendant altogether fails to introduce any evidence in the face of a plaintiff's detailed, sworn statement of fact, as 3M has failed to do here.[2]

3M also relies on *In re: AFFF Prods. Liab. Litig.*, MDL No. 2:18-mn-2873 (Oct. 1, 2019) ("*Ridgewood*"), Opp. Ex. 3, but in that case the plaintiff admitted that there was a "'federally regulated airport at which Milspec AFFF could have been used,'" *id*. at 3, and the court found that its "claims arise out of use of AFFF products that it claims [defendants] designed, and for which the military imposes MilSpec standards." *Id*. at 5. Those key facts are absent here.

3M further invokes *Nessel v. Chemguard, Inc.*, No. 1:20-cv-1080, 2021 WL 744683 (W.D. Mich. Jan. 6, 2021), Opp. At 6-7, 10, but there "the plaintiffs provide[d] no evidence in support" of their allegation that the injuries from Commercial AFFF and MilSpec AFFF will be distinguishable, and "simply state that they will provide that information 'at the appropriate time in the litigation.'" *Id*. at *3. The plaintiffs also "admit[ted] that the chemicals in AFFF get into groundwater and spread contamination throughout the State." *Id.* Here, the State has provided the very evidence that was lacking in *Nessel* and has never conceded that the groundwater of the State is one interconnected pool of water contaminated statewide by AFFF (which it is not). To the contrary, the State's sworn evidence here demonstrates that PFAS contamination sites are distinct and that source analysis is a standard practice. Eleftheriou Decl. ¶¶ 9, 13-15.

3M admits that PFAS enters the environment at specific sites. NOR ¶ 27 ("MilSpec AFFF plausibly has commingled with PFAS from non-AFFF sources at *such sites*" (emphasis added)). When a PFAS site is discovered, the State investigates the source of contamination,

---

[2] 3M bases its "plausibility standard" on, *inter alia*, *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81 (2014), but *Dart* was a diversity case in which the standard was statutorily based. *See id*. at 89 ("In sum, as specified in § 1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."). Since 3M cannot meet its own plausibility standard here, the issue of the proper standard is not dispositive.

3

whether the contamination is due to AFFF, and whether any contamination has migrated to adjacent properties. *See, e.g.*, Eleftheriou Decl. ¶¶ 9, 14-21.[3] Indeed, the State has already identified specific sites where AFFF contamination is alleged to have occurred in its AFFF Complaint. AFFF Compl. ¶ 224. To the extent that, after any investigation, there might be evidence of commingling between AFFF and non-AFFF PFAS at a specific site, the State would not be able to recover damages for those sites *in this case*. As noted by the U.S. District Court in New Hampshire, addressing this very problem:

> [T]here is no scenario under which 3M could be found liable for any damages caused by AFFF. . . . If the evidence, for example, shows that AFFF caused any of the damages in this case, the portion attributable to AFFF would be subtracted from any damages awarded the State. And if no apportionment is possible, no damages could be awarded. 3M would prevail without any need to assert a defense premised on its acts under federal authority. To the extent AFFF is relevant, its presence in the contamination could eliminate recovery for the State—regardless of why or for whom 3M made it.

*New Hampshire v. 3M Co.*, No. 22-CV-145-LM, 2023 WL 2691376, at *8 (D.N.H. Mar. 29, 2023), *appeal pending*, No. 23-1362 (1st Cir.). So too here.[4] 3M's only response to *New Hampshire* is to say that the court got it wrong. Opp. at 2 n.3. It did not.

3M's final argument is that because the State has stated in its Complaint that PFAS compounds are "mobile in the environment" and travel through the groundwater, it must

---

[3] 3M relies on allegations made in other complaints filed by the Kennebunk, Kennebunkport, and Wells Water District and Kennebec Water District that "upon information and belief" AFFF had contaminated those sites. Opp. at 6 n.6. However, the State has done extensive investigation of the contamination in those areas and found "no evidence" of known or potential sources of AFFF that contributed to the PFAS impacts at these water systems. Eleftheriou Decl. ¶¶ 9, 13-19. 3M's reliance on allegations of third parties based merely "on information and belief" is not evidence and cannot overcome the evidence produced by the State.

[4] 3M's case law finding disclaimers ineffective are distinguishable as they involved allegations by the plaintiff that contradicted the disclaimers. *See St. Charles Surgical Hosp., L.L.C. v. La. Health Serv. & Indem. Co.*, 990 F.3d 447, 451 (5th Cir. 2021) (noting that "courts respect express disclaimers" but remanding for district court to determine whether waiver was contradicted by documents produced by plaintiff); *Baker v. Atl. Richfield Co.*, 962 F.3d 937, 945 (7th Cir. 2020) (plaintiffs could not disclaim harm for a chemical when alleging that use of the chemical resulted in the two main toxins harming plaintiffs); *Jennings v. Bell Helicopter Textron, Inc.*, No. 12CV1549-GPC(DHB), 2012 WL 12883239, at *1 (S.D. Cal. Oct. 23, 2012) (plaintiff disclaimed injuries due to acts committed at the direction of a federal officer, but complaint alleged plaintiff's "exposure to asbestos and asbestos-containing products while serving *in the United States Navy*").

therefore be plausible that AFFF contamination is commingled at the non-AFFF contamination sites in Maine. Opp. at 5. But this highly generalized argument fails to make any plausible, evidentiary connection between the non-AFFF contamination at issue here and actual contamination from AFFF. The court in *New Hampshire* recently rejected 3M's attempt to base removal on similar generalities. *See New Hampshire*, 2023 WL 2691376 at *5 (rejecting removal where 3M pointed to state's allegations of "widespread contamination of public resources, and the state's drinking water, groundwater, surface water land, natural resources, including wildlife, and other public properties.").[5] This Court should do the same.

Fundamentally, allowing 3M to remove here would not further the purposes of federal officer jurisdiction because 3M has not been and will not be deprived of a federal forum to present its federal contractor defense, which is specific to AFFF. The purposes of the federal officer removal statute are to protect against interference with federal operations by states, prevent delay in enforcement of federal law, avoid "local prejudice" by state courts, and avoid "depriv[ing] federal officials of a federal forum in which to assert federal immunity defenses." *Cnty. of San Mateo*, 32 F.4th at 755–56 (citing *Watson v. Philip Morris Co. Inc.*, 551 U.S. 142, 150 (2007)). The State's AFFF case is already in federal court, where 3M will be able to present its federal defense. 3M has failed to establish federal officer jurisdiction.

## II. There is no federal enclave jurisdiction.

3M also has not shown that the State's claims arose on a federal enclave. Federal enclave jurisdiction is a species of federal question jurisdiction and is thus governed by the well-pleaded complaint rule. *Rhode Island v. Shell Oil Prod. Co., L.L.C.*, 35 F.4th 44, 51 (1st Cir. 2022) ("*Rhode Island II*"). "The [well-pleaded complaint] rule makes the plaintiff the master of the

---

[5] *See also* Motion to Remand Ex. A (JPML, Order Vacating Conditional Transfer Order, at 2, *New Hampshire v. 3M Co.*, MDL No. 2873 (Aug. 3, 2022)) (stating that 3M's proffered evidence "shows only the potential for commingling" and "is of a kind with evidence of AFFF use that we have found insufficient for transfer of other non-AFFF actions").

claim; he or she may avoid federal jurisdiction by exclusive reliance on state law." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *accord Rhode Island II*, 35 F.4th at 51. The removing defendant has the "burden of demonstrating the existence of federal jurisdiction" and "the removal statute should be strictly construed, and any doubts about the propriety of removal should be resolved against the removal of an action." *In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d 109, 116 (D. Mass. 2006).

3M argues that the State's claims arise on a federal enclave because there were PFAS releases from military facilities. Opp. at 16-17. In support of its argument, 3M points to: 1) allegations from the State's AFFF Complaint that *AFFF* was used at various federal enclaves: the Naval Air Station Brunswick and Portsmouth Naval Shipyard, *id.* at 12 & 13 n.11; and 2) a military report acknowledging that non-AFFF PFAS *may* or *could* have been used at naval stations, *id.* at 13 n.10. But the issue is not whether the AFFF case that is properly in federal court may include some commingled non-AFFF contamination; the issue is whether *this case*, i.e., the non-AFFF case includes AFFF contamination and it expressly does not. *See New Hampshire*, 2023 WL 2691376, at *8 ("To the extent AFFF is relevant, its presence in the contamination could eliminate recovery for the State [in its non-AFFF case]—regardless of why or for whom 3M made it.").[6]

To the extent that 3M is arguing that non-AFFF PFAS from federal enclaves are a source of the State's injuries, this also does not confer federal enclave jurisdiction. Federal enclave jurisdiction "generally requires that *all* pertinent events t[ake] place on a federal enclave." *Rhode Island II*, 35 F.4th at 58. 3M does not even attempt to argue that all pertinent events

---

[6] In supporting its argument that non-AFFF PFAS emanated from federal enclaves, 3M cites a Navy report, which states only that non-AFFF PFAS "may have been used" or "could also be found" on naval bases. Opp. at 13 n.10. In asserting federal enclave jurisdiction, 3M has the burden to show that the State's claims did indeed arise on a federal enclave. *See In re Pharm. Indus. Average Wholesale Price Litig.*, 431 F. Supp. 2d at 116.

occurred on a federal enclave and concedes that "the State's claims arise *partly* from PFAS releases on federal enclaves." Opp. at 12 (emphasis added). Instead, 3M argues that this Court may exercise jurisdiction over the portion of the State's injury that occurred on the federal enclave and take supplemental jurisdiction over the rest of the State's claims. Opp. at 17. But the State does not make allegations that any PFAS at issue are related to use on a federal enclave. Multiple federal appellate courts—including the First Circuit—have recently rejected arguments by defendants that pollution which has partially emanated from federal enclaves conferred federal enclave jurisdiction, and none of them have split claims in the way advocated by 3M. *See Rhode Island II*, 35 F.4th at 58–59; *Cnty. of San Mateo*, 32 F.4th at 750; *Bd. of Cnty. Commissioners of Boulder Cnty. v. Suncor Energy (U.S.A.) Inc.*, 25 F.4th 1238, 1271–72 (10th Cir. 2022); *Mayor & City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 218–19 (4th Cir. 2022).

3M cites *In re Aqueous Film-Forming Foams Prod. Liab. Litig.*, No. 2:18-mn-2873-RMG, 2019 WL 2807266 (D.S.C. May 24, 2019), but in that case New York State brought claims that were related to the use of AFFF *on federal enclaves*. *See id.* at *1 ("New York alleged that Defendants' AFFF products . . . were used by the Air National Guard and the United States Air Force on military bases . . ."). The court then found supplemental jurisdiction over the claims related to the use of AFFF outside those federal enclaves. *Id.* at *4. Unlike New York, Maine has not brought claims for the use of AFFF on federal enclaves but has expressly excluded injuries arising from such contamination here.

3M has failed to establish federal enclave jurisdiction.

## CONCLUSION

This case should be remanded to state court.

7

Dated: June 22, 2023

Respectfully Submitted,
STATE OF MAINE

AARON M. FREY
ATTORNEY GENERAL

*/s/Viola Vetter*
Viola Vetter*
Kyle J. McGee*
**GRANT & EISENHOFER P.A.**
123 Justison Street
Wilmington, DE 19801
Phone: (302) 622-7000
kmcgee@gelaw.com
vvetter@gelaw.com

Scott Boak
Robert Martin
Assistant Attorneys General
6 State House Station
Augusta, Maine 04333
Phone: (207) 626-8566
Phone: (207) 626-8897
Scott.Boak@maine.gov
Robert.Martin@maine.gov

Matthew F. Pawa*
Benjamin A. Krass*
**SEEGER WEISS LLP**
1280 Centre Street, Suite 230
Newton Centre, MA 02459
Phone: (617) 641-9550
MPawa@seegerweiss.com
BKrass@seegerweiss.com

* Admitted *pro hac vice*

8

## **CERTIFICATE OF SERVICE**

  I hereby certify that on this date, I caused the foregoing to be filed with the Clerk of this Court via the CM/ECF system, which will send a Notice of Electronic Filing to all counsel of record.

June 22, 2023          */s/Viola Vetter*
               Viola Vetter